UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCEL McKNIGHT,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA BOARD OF PAROLE COMMISSIONERS, et al.,<br><br>Defendants. | Case No. 3:13-cv-00111-MMD-VPC<br><br>ORDER |

This matter comes before the Court on plaintiff's *pro se* civil rights complaint and application to proceed *in forma pauperis*.

**I.   *IN FORMA PAUPERIS* APPLICATION**

Plaintiff has filed an application to proceed *in forma pauperis*. (Dkt. no. 1.) In seeking pauper status, plaintiff has failed to use the form provided by the Court pursuant to Local Rule LSR 1-1. Additionally, under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, plaintiff must attach both an inmate account statement for the past six (6) months and a properly executed financial certificate.  Petitioner has not submitted either an inmate account statement or a financial certificate signed by the appropriate prison official. The Court denies plaintiff's application to proceed *in forma pauperis*. Additionally, the Court dismisses this action because the complaint fails to state a colorable civil rights claim, and amendment would be futile, as discussed later in this order.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v.*

*Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

///

///

### III. SCREENING OF THE COMPLAINT

In the complaint, plaintiff brings action against the Nevada Board of Parole Commissioners. Plaintiff's allegations challenge the conviction for which he is now incarcerated. In addition to damages, plaintiff seeks an order from this Court restoring his good-time credits, rescinding an order of parole revocation, and enjoin an extradition order.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff has not alleged that his conviction has been reversed or otherwise invalidated. Plaintiff fails to state a cognizable civil rights claim. Because amendment would be futile, this action is being dismissed with prejudice and without leave to amend. To the extent that plaintiff seeks to challenge the conviction under which he is incarcerated, he may do so by filing the form habeas petition provided by the court, in a new action, as specified below.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that petitioner's motion to proceed *in forma pauperis* (dkt. no. 1) is DENIED.

IT IS FURTHER ORDERED that this civil rights action is DISMISSED WITH PREJUDICE.

///

IT IS FURTHER ORDERED that the Clerk of Court SHALL ENTER JUDGMENT accordingly.

IT IS FURTHER ORDERED that this Court CERTIFIES that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

IT FURTHER IS ORDERED that the Clerk of the Court shall send plaintiff two (2) copies of an *in forma pauperis* application form for a prisoner, two (2) copies of a blank 28 U.S.C. § 2254 habeas corpus petition form, and one (1) copy of instructions for the each.

IT IS FURTHER ORDERED that plaintiff may file a habeas corpus petition and *in forma pauperis* application in a new action, but he may not file further documents in this action.

DATED THIS 1st day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE